# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Gregory D Ida | § | Case No. 12-15287 |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on     . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]          $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $____, and now requests reimbursement for expenses of $____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joji Takada, Chapter 7 Trustee_____
                                            Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-15287 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|---|---|---|
| Case Name: | Gregory D Ida | | | | Date Filed (f) or Converted (c): | 04/16/2012 (f) |
| | | | | | 341(a) Meeting Date: | 05/09/2012 |
| For Period Ending: | 03/06/2013 | | | | Claims Bar Date: | 08/10/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single Family Home | 75,000.00 | 0.00 | | 57,078.69 | FA |
| 2. Plot of Land | 1,100.00 | 1,100.00 | | 0.00 | FA |
| 3. Bank Account | 117.00 | 0.00 | | 0.00 | FA |
| 4. Household Goods | 1,500.00 | 0.00 | | 0.00 | FA |
| 5. Wearing Apparel | 300.00 | 300.00 | | 0.00 | FA |
| 6. Vehicle | 3,000.00 | 3,000.00 | | 0.00 | FA |
| 7. Vehicle | 500.00 | 500.00 | | 0.00 | FA |
| 8. Estate of decedent death benefit plan life insurance policy (u) | 0.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $81,517.00   $4,900.00   $57,078.69   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

013013--Administering Debtor's interest in inheritance/real estate; Proceeds received from probate estate.

| RE PROP # | 1 | -- | Location: 21319 Silktree Circle, Plainfield IL 60544 50% interest in real estate of deceased mother |
|---|---|---|---|
| RE PROP # | 2 | -- | Vacant desert land in apache county Az Inconsequential value/benefit to estate |
| RE PROP # | 3 | -- | West suburban bank |
| RE PROP # | 4 | -- | 50% interest in appliances and furniture |
| RE PROP # | 5 | -- | necessary clothing |
| RE PROP # | 6 | -- | 2000 Chevy Astrovan |
| RE PROP # | 7 | -- | 1976 honda goldwing motorcycle |
| RE PROP # | 8 | -- | Unscheduled interest in probate estate of deceased mother |

Initial Projected Date of Final Report (TFR): 04/16/2014      Current Projected Date of Final Report (TFR): 04/16/2014

**UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 12-15287 | Trustee Name: | Joji Takada, Chapter 7 Trustee |
|---|---|---|---|
| Case Name: | Gregory D Ida | Bank Name: | Congressional Bank |
| | | Account Number/CD#: | XXXXXX9231 |
| | | | Checking Account |
| Taxpayer ID No: | XX-XXX0455 | Blanket Bond (per case limit): | |
| For Period Ending: | 03/06/2013 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/05/12 | 1 | Wengler Law Firm<br>181 North Hammes Avenue<br>Joliet, Illinois | Proceeds from inheritance | 1129-000 | $57,078.69 | | $57,078.69 |
| 02/12/13 | | Transfer to Acct # xxxxxx8579 | Transfer of Funds | 9999-000 | | $57,078.69 | $0.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $57,078.69 | $57,078.69 |
| Less: Bank Transfers/CD's | $0.00 | $57,078.69 |
| Subtotal | $57,078.69 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $57,078.69 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

Page Subtotals: $57,078.69 $57,078.69

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-15287  
Case Name: Gregory D Ida  

Trustee Name: Joji Takada, Chapter 7 Trustee  
Bank Name: The Bank of New York Mellon  
Account Number/CD#: XXXXXX8579  
Checking

Taxpayer ID No: XX-XXX0455  
For Period Ending: 03/06/2013  

Blanket Bond (per case limit):  
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/12/13 | | Transfer from Acct # xxxxxx9231 | Transfer of Funds | 9999-000 | $57,078.69 | | $57,078.69 |
| 03/03/13 | 100001 | Gregory Ida<br>c/o Law Office of Ronald D. Cummings<br>121 Springfield Avenue<br>Joliet, IL 60435 | Exemption | 8100-002 | | $10,000.00 | $47,078.69 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $57,078.69 | $10,000.00 |
| Less: Bank Transfers/CD's | $57,078.69 | $0.00 |
| Subtotal | $0.00 | $10,000.00 |
| Less: Payments to Debtors | $0.00 | $10,000.00 |
| Net | $0.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals: $57,078.69 $10,000.00

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---:|---:|---:|
| XXXXXX8579 - Checking | $0.00 | $0.00 | $47,078.69 |
| XXXXXX9231 - Checking Account | $57,078.69 | $0.00 | $0.00 |
|  | $57,078.69 | $0.00 | $47,078.69 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $0.00 |
|---|---:|
| Total Net Deposits: | $57,078.69 |
| Total Gross Receipts: | $57,078.69 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-15287  
Debtor Name: Gregory D Ida  
Claims Bar Date: 8/10/2012  

Date: March 6, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 99 8100 | Gregory Ida<br>c/o Law Office of Ronald D. Cummings<br>121 Springfield Avenue<br>Joliet, IL 60435 | Administrative | | $0.00 | $10,000.00 | $10,000.00 |
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $5,457.87 | $5,457.87 |
| 1 300 7100 | DISCOVER BANK<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $8,867.00 | $9,044.20 | $9,044.20 |
| 2 300 7100 | GE Capital Retail Bank<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $10,210.00 | $11,052.27 | $11,052.27 |
| 3 300 7100 | N. A. Fia Card Services<br>Fia Card Services, N.A.<br>Po Box 15102<br>Wilmington, De 19886-5102 | Unsecured | | $29,613.00 | $28,787.43 | $28,787.43 |
| 4 300 7100 | American Express Centurion Bank<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $1,012.00 | $982.56 | $982.56 |
| | Case Totals | | | $49,702.00 | $65,324.33 | $65,324.33 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-15287
Case Name: Gregory D Ida
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand                                $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____

Remaining Balance                                              $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | $ | $ | $ |
| 2 | GE Capital Retail Bank | $ | $ | $ |
| 3 | N. A. Fia Card Services | $ | $ | $ |
| 4 | American Express Centurion Bank | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance          $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE